# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRAIG BURRIS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-15-3006 |
| JULIE L. ENSOR, et al., | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff, an inmate currently confined at the Kershaw Correctional Institution in Kershaw, South Carolina, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 alleging that Defendants were "grossly negligent" for failing to advise him that a criminal charge pending in the Circuit Court for Baltimore County had been nolle prossed. ECF 1, p. 3-4. Because he appears indigent, Plaintiff's Motion for Leave to Proceed in Pauperis (ECF 2) shall be granted.

Plaintiff alleges that on or about June 3, 1986, he pled guilty to possession of a controlled dangerous substance in the District Court of Maryland for Baltimore City and was sentenced to two years incarceration. He states that in February of 1988, after serving his sentence, he was released from confinement and relocated to New York. *Id.*, p. 4. Approximately, one year later Plaintiff moved to South Carolina. Sometime thereafter he was convicted of felonies in South Carolina. *Id.* As a result of the South Carolina conviction, Plaintiff researched his prior convictions, and learned that his Maryland conviction had been nolle prossed on August 4, 1986. *Id.*, p. 4. The above-captioned case was filed on October 2, 2015. ECF 1.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be

granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Even if Plaintiff has stated an adequate constitutional claim, his claim is time barred. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101. Plaintiff complains of events occurring in 1986.  Plaintiff was released from confinement in 1988 and offers no justification for his failure to discover the alleged error regarding his incarceration in the intervening 27 years.  As such, the complaint is untimely.

A separate order follows.

\_\_\_\_\_12/7/15_____            _____/s/_____
Date                                                        RICHARD D. BENNETT
                                                     UNITED STATES DISTRICT JUDGE